UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| GLENN D. ODOM, II | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-CV-109-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH P. MEKO, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

**** **** **** ****

Plaintiff Glenn D. Odom, II, is an inmate confined in the Kentucky State Penitentiary in Eddyville, Kentucky. Proceeding without an attorney, Odom has filed a 42 U.S. C. § 1983 civil rights complaint alleging that in January 2012, officials of the Little Sandy Correctional Complex ("LSCC") in Sandy Hook, Kentucky, where he was confined at the time, applied excessive force to him, were thereafter deliberately indifferent to his serious medical needs, and violated his right guaranteed under several other federal statutes.[1] [D. E. No. 1; amended at D. E. No. 10]

1 The named defendants are: (1) Joseph P. Meko, Warden of the LSCC; (2) "Barker," Sergeant at the LSCC; (3) unknown members of the LSCC Cell Entry Team ("CET"); (4) "Nurse Faith," a nurse employed by the LSCC; (5) an unknown 2nd Shift Licensed Nurse Practitioner ("LPN"), and (6) LaDonna Thompson, Commissioner of the Kentucky Department of Corrections ("KDOC").

The Court must conduct a preliminary review of Odom's complaint because he has been allowed to pay the filing fee in installments and is asserting claims against government officials. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. A district court must dismiss any claims that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from defendants who are immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).

The Court evaluates Odom's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Odom's factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the complaint, the Court will grant Odom's motion to amend his original complaint, permit some of Odom's claims to proceed, and dismiss other claims for failure to state a claim upon which relief can be granted.

**FACTUAL ALLEGATIONS**

Odom states that on January 13, 2012, he slit his wrists by making a "Y"-shaped incision and that as punishment for his suicide attempt, LSCC Sergeant "Barker" directed the LSCC Cell Extraction Team to handcuff him behind his back--without double locking the handcuffs--and place him in a restraint chair. [D. E. No.

1, p. 2] Odom claims that the CET's failure to employ the double lock mechanism in the handcuffs caused them to tighten unnecessarily and cut into his wrists, causing him to experience significant pain and suffering. [*Id.*]

Odom further alleges that an LSCC nurse, identified only as "Faith," failed to ensure that the handcuffs were not too tight and "...walked off like nothing was wrong," and that she, and another unidentified Second Shift LPN, ignored his medical needs. [*Id.*, p. 3, ¶ 12] Odom claims that as a result of the above actions, he experienced pain and suffering, and has sustained permanent bodily injuries, which he identifies as "numbness, prickly feelings, and tingling sensations upon standing from sleep or laying horizontally," and "blood flow problems/circulation problem from this torture." [*Id.*, ¶ 15] Odom states that he submitted grievances to LSCC Warden Meko and KDOC Commissioner Thompson complaining about the alleged excessive force and deliberate indifference to his serious medical needs, but that both Meko and Thompson upheld the allegedly unconstitutional practices. [*Id.*]

Odom alleges that the manner in which the CET applied the handcuffs to him behinds his back and then placed him in the restraint chair constituted excessive force in violation of the Eighth Amendment of the U.S. Constitution, which forbids and cruel and unusual punishment. Odom further alleges that by allowing the handcuffs to cut into his self-inflicted wrist incisions, the LSCC nurses were deliberately

indifferent to his serious medical needs, in violation of the Eighth Amendment. Odom also filed a motion to amend his complaint to include additional medical reports, [D. E. No. 10], which motion the Court will grant.

In addition to his Eighth Amendment claims, Odom alleges that the defendants violated (1) Title 42 U.S.C. 10801 *et seq*.,"Protection and Advocacy for Mentally Ill Individuals;" (2) Title 42 U.S.C. § 12101 *et seq*., the Americans with Disabilities Act ("ADA"); (3) Title 29 U.S.C. § 794, "Nondiscrimination under Federal grants and programs," but better known as the Rehabilitation Act ("RA") of 1973 ; and (4) Title 42 U.S. C §§ 1985(3), "Conspiracy to interfere with civil rights."[2] [*Id*., p. 4]

Odom seeks a declaration that the defendants violated his various federal rights; an injunction directing the LSCC nurses, Meko, and Thompson to acknowledge that the treatment to which he was allegedly subjected was unconstitutional and tortious; compensatory damages of $25,000 from the members of the CET, the unknown LSCC nurse, and Sergeant Barker; unspecified punitive damages; his attorneys fees and court costs; and any other relief to which he is entitled. [*Id*., p. 8]

---

[2] Odom refers to "42 U.S.C. sec. 1985(3) and (4)." [D. E. No. 1, p. 4] However, § 1985 contains only subsections (1)-(3), and does not contain a subsection (4).

## DISCUSSION

### 1. Official Capacity Claims asserted under § 1983

To the extent that Odom may be asserting claims against the defendants in their official capacities, he may not proceed. An "official capacity" suit against a state official is, in essence, a suit against the state itself, a claim which the Eleventh Amendment precludes a plaintiff from pursuing in federal court. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Further, a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered "persons" within the meaning 42 U.S.C. § 1983. *Id.*; *see also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Any construed claim by Odom seeking damages from the defendants in their official capacities will be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

### 2. Individual Capacity Claims Asserted under § 1983 against Sergeant Barker, Nurse "Faith," the Second Shift LPN, and the unidentified CET members

Accepting Odom's factual allegations as true, which the Court must do at the initial screening stage, Odom has alleged possible federal claims under § 1983 against the unidentified members of the CET, Sergeant Barker, the unidentified LPN, and Nurse "Faith" in their individual capacities. Defendants Barker and "Nurse Faith,"

in their individual capacities, will be directed to respond to Odom's Eighth Amendment claims asserted under § 1983.[3] Odom must identify any unknown John and Jane Doe Defendants (as to the CET members and the unidentified Second Shift LPN) and have them served within 120 days after the date of this Memorandum Opinion and Order, or his claims against them will be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

3. Claims Asserted under 42 U.S.C. §§ 1985(3)

Odom's conspiracy claims the defendants, asserted under 42 U.S.C. § 1985(3), will also be dismissed because Odom has not alleged facts supporting such a claim. To establish a conspiracy claim under § 1985(3), a plaintiff must demonstrate:

> (1) the existence of a conspiracy; (2) intended to deprive any person or class of persons the equal protection or equal privileges and immunities of the law; (3) an act in furtherance of the conspiracy; and (4) injury or deprivation of a federally protected right.

*Royal Oak Entm't, LLC v. City of Royal Oak*, 205 F. App'x 389, 399 (6th Cir. 2006). Furthermore, "'there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions.'" *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

---

[3] It is unclear whether Odom properly pursued the KDOC's administrative exhaustion requirements as to all of his claims, these defendants may address that issue in their responses.

Other than merely listing § 1985(3) as a jurisdictional basis of his claims, Odom has neither alleged the existence of a conspiracy among the defendants nor alleged any fact suggesting that the conduct of which he complains of was motivated by racial or any other class-based animus. Odom alleges that the defendants applied excessive force to him and that they were deliberately indifferent to his serious medical needs, *not* that he was discriminated against because of race or some other class-based animus. Odom's conspiracy claims under § 1985(3) will be dismissed for failure to state a claim upon which relief can be granted.

4. Eighth Amendment Individual Capacity Claims Asserted against Meko and Thompson under § 1983

The Eighth Amendment claims which Odom appears to seek against Warden Meko and Commissioner Thompson, in their individual capacities, under § 1983 must also be dismissed for failure to state a claim upon which relief can be granted. Odom alleges that Sergeant Barker and the unidentified members of the CET applied excessive force to him, and that the two LSCC nurses were deliberately indifferent to his serious medical needs; he did *not* allege that Meko or Thompson either placed the tight handcuffs on him or placed him in the restraint chair, or that they were deliberately indifferent to his serious medical needs. A supervisory prison official may not be held liable for unconstitutional conduct by his subordinates under a theory

of respondeat superior. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-95 (1978); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *aff'd*, 257 F. App'x 897 (6th Cir. 2007).

Odom claims that after he filed administrative grievances complaining about the alleged actions of Barker, the CET, and the nurses, both Meko and Thompson "approved" the alleged actions of the other LSCC defendants by denying his grievances. However, the mere denial of a prisoner grievances by supervisory or higher-ranking administrative officials is insufficient personal involvement for imposing § 1983 liability on a prison administrative official. *Shehee v. Luttrell*, 199 F.3d at 300; *Alder v. Corr. Medical Services*, 73 F. App'x. 839, 841 (6th Cir. 2003); *Martin v. Harvey*, 14 F. App'x 307, 309-10 (6th Cir. 2001); *Bumstead v. Vasquez*, 6:11-CV-191-ART (E.D. Ky.) (*sua sponte* dismissing Eighth Amendment claims against BOP officials who denied prisoner's administrative grievances [February 8, 2012, Order, R. 9])

To the extent that Odom alleges that the grievance processes within the LSCC and the KDOC were unsatisfactory, he states no claim because prisoners have no inherent constitutional right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Overholt v. Unibase Data Entry, Inc.*, 221 F.3d 1335, 2000 WL 799760, at *3 (6th Cir. June 14, 2000) (Unpublished Table decision);

*Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991).

For these reasons, Odom's § 1983 claims alleging violations of his Eighth Amendment rights asserted against Meko and Thompson in their individual capacities will be dismissed for failure to state a claim upon which relief can be granted.

5. Claims Asserted under the ADA

In the section of the pre-printed § 1983 complaint form which asks the plaintiff to identify which of his or her state or federal rights were violated, Odom listed 42 U.S.C. § 12101 *et seq*., the ADA, as being a federal right which the defendants allegedly violated. [D. E. No. 1, p. 4] His ADA claim fails for two reasons. First, the ADA does not impose liability upon individuals. *See* 42 U.S.C. § 12131(1)

Second, Odom has not alleged a valid claim under the ADA, which provides

> ... that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." § 12132 (2000 ed.). A "'qualified individual with a disability' "is defined as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." § 12131(2). The Act defines "'public entity'" to include "any State or local government" and "any department, agency, ... or other instrumentality of a State," § 12131(1). [The Supreme Court has]

> previously held that this term includes state prisons. *See Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998).

*United States v. Georgia*, 546 U.S. 151, 153–54 (2006). Thus, to state a claim under the ADA, a plaintiff must show that he is "(1) disabled under the statute, (2) otherwise qualified for participation in the program, [services or activities], and (3) being excluded from participation in, denied the benefits of, or subjected to discrimination under[,] the program, [services, or activities] by reason of his disability." *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 453 (6th Cir. 2008).

Odom did not allege that on January 13, 2012, he suffered from any type of condition that could be considered a disability under the ADA. In that same section of the pre-printed complaint form, Odom stated--in cursory fashion--that he was asserting a claim under 42 U.S.C. 10801 *et seq.*,"Protection and Advocacy for Mentally Ill Individuals," but Odom provided no other facts which would show that he suffered any type of disability that would support a claim under the ADA. Even were the Court to broadly interpret his statement that he slit his wrists as a claim of "mental" disability, his ADA claim would still fail. This is because Odom did not allege either that the defendants discriminated against him, or that he was unable to participate in or receive the benefit of a service, program, or activity available to other inmates, by reason of a construed "mental" disability. And an allegation of such a

denial is required to assert a claim under the ADA. *See Walls v. Garcia*, No. 1:12-CV-743, 2013 WL 227731, at *3 (W.D. Mich. Jan. 22, 2013) (finding that the prisoner failed to allege any facts suggesting that he had been denied access to prison programs or other benefits because of his impaired vision); *Crawford v. RSPM*, No. 1:12-CV-407, 2012 WL 3230485, at *3 (W. D. Mich. Aug. 6, 2012) (dismissing prisoners' ADA claims on initial screening because they failed to allege facts supporting an ADA claim).

Odom alleges that the defendants applied excessive force to him and that they were deliberately indifferent to his serious medical needs, which qualifies as an Eighth Amendment claim under § 1983, but he does *not* allege that he was denied any benefit of a service, program, or activity available to other inmates because of an alleged disability as is necessary to state a claim under the ADA. While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Odom's claim alleging a violation of the ADA is wholly conclusory because he does not allege that he suffered from a disability or that he, personally, was subjected to discrimination because of that disability. Because Odom has not alleged "enough facts to state a

claim to relief that is plausible on its face, " *Twombly*, 550 U.S. at 570, Odom's ADA claim will be dismissed for failure to state a claim upon which relief can be granted.

6. Claims Asserted under the Rehabilitation Act of 1973, 29 U.S.C. § 794

Odom lists the RA, 29 U.S.C. § 794, as being a federal right of his which the defendants allegedly violated. [D. E. No. 1, p. 4]. Odom may not maintain his RA claim for two reasons. First, like the ADA, the RA does not impose liability on individuals. 29 U.S.C. § 794(b); *see also Lee v. Michigan Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004).

Second, Odom has not sufficiently alleged facts supporting a claim under the RA, which provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of ... his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794. To make out a *prima facie* case under the RA, the plaintiff must prove (1) that he is a "handicapped person" under the Act; (2) that he is "otherwise qualified"; (3) that he is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely because of his handicap; and (4) that the program or activity receives federal funds. *Burns v. City of Columbus*, 91 F.3d 836, 841 (6th Cir. 1996) (internal quotation marks and citation omitted).

Title II of the ADA, the title that concerns public services, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U . S.C. § 12132. Congress has dictated that Title II of the ADA be interpreted in a manner consistent with section 504 of the RA. See 42 U.S.C. §§ 12134(b), 12201(a). Thus, because the purpose, scope, and governing standards of the " '[A]cts are largely the same, cases construing one statute are instructive in construing the other.'" *McPherson v. MHSAA*, 119 F.3d 453, 460 (6th Cir.1997) (*en banc*) (quoting *Andrews v. State of Ohio*, 104 F.3d 803, 807 (6th Cir.1997)). Just as the Court has previously concluded that Odom did not sufficiently allege a claim under the similarly worded ADA ( all but the federal-funds element is required for a prima facie case under the ADA), it also determines that Odom for the same reasons, Odom did not allege that he suffered from a "handicap" as defined under the RA.

Further, even if an allegation of a "mental" handicap could be construed from the complaint, Odom did not allege facts suggesting that he was excluded from participation in, was denied the benefits of, or was subjected to discrimination under, a federally funded program solely because of a construed mental handicap. *See Lee v. Michigan Parole Bd.*, 104 F. App'x 490, 492-93 (6th Cir. 2004) ("Assuming that

Lee is handicapped within the meaning of the ADA and the RA, his complaint contained no allegations that the defendants discriminated against him solely because of his alleged handicap."); *Moore v. Curtis*, 68 F. App'x 561, 563 (6th cir. 2003) (dismissing the prisoner's claims under the ADA and the RA because "Moore did not allege or show that the defendants deprived him of any service, program, or activities because of his disability, and his disputes with staff and his inmate assistants resulted in only isolated instances where he missed meals or privileges.").

As previously discussed, Odom alleged only facts suggesting possible Eighth Amendment claims of excessive force and deliberate indifference to his medical needs, not a claim that he was discriminated against or deprived of prison benefits or programs because of a handicap. Odom's claims under the RA, 29 U.S.C. § 794, will be dismissed for failure to state a claim upon which relief can be granted.

7. Claims Asserted under 42 U.S.C. § 10841

By listing 42 U.S.C. § 10841 as a statutory basis for his claims in Section II of his complaint [D. E. No. 1, p. 4] Odom appears to contend that § 10841 creates an individual federal right which supports a direct cause of action against the defendants. Odom is mistaken on this issue.

Section 10841 restates the provisions of 42 U.S.C. § 9501. *See Monahan v. Dorchester Counseling Center, Inc.*, 961 F.2d 987, 994 (1st Cir. 1992). Section

10851(a) states: "Titles I and II [42 U.S.C.A. §§ 10801 et seq., 10841] shall not be construed as establishing any new rights for individuals with mental illness." When Congress clearly states that a statute does not create any new rights, the statute cannot serve as a source of individual federal rights enforceable under 42 U.S.C. § 1983. *Smith v. Au Sable Valley Community Mental Health Services*, 431 F.Supp.2d 743, 750-51 (E. D. Mich. May 16, 2006); *Downey v. University of Cincinnati*, No. 1:07-CV-00253, 2008 WL 1766787, at *3 (S. D. Ohio April 11, 2008) ("Plaintiff cannot state a claim based on the alleged violations of The Restatement of Bill of Rights for Mental Health Patients because 42 U.S.C. § 10841does not create a 'right secured by the Constitution or laws of the United States.'")

As Congress has clearly stated its intent with respect to § 10841, Odom may not use it as the basis of a private right of action against the defendants. Odom's claims asserted under § 10481 will therefore be dismissed for failure to state a claim upon which relief can be granted.

8. Request for Injunctive Relief

Finally, Odom seeks a broad injunction prohibiting LSCC officials from using the restraint chair and any other form of "painful/unsafe restraints." [D. E. No. 8, p. 8, § VI] Because Odom is no longer confined at LSCC, and once a prisoner is transferred to a different facility, his claim for injunctive relief becomes moot. *Raines*

*v. Lomax*, 66 F. App'x 544, 545 (6th Cir. 2003); *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998); *Price v. Caruso*, 451 F. Supp. 2d 889, 901 (E.D. Mich. 2006). Odom's broad demand for injunctive relief will therefore be denied as moot.

**CONCLUSION**

Accordingly, **IT IS ORDERED** as follows:

1. The motion to amend the complaint [D. E. No. 10] filed by Plaintiff Glenn D. Odom, II, is **GRANTED**, and the Clerk of the court shall docket D. E. No. 10 as an "Amended Complaint;"

2. Odom's 42 U.S.C. § 1983 Eighth Amendment claims asserted against LSCC Warden Joseph P. Meko; LSCC Sergeant "Barker;" unknown members of the LSCC Cell Entry Team; LSCC "Nurse Faith;" the unknown LSCC 2nd Shift Licensed Nurse Practitioner; and LaDonna Thompson, KDOC Commissioner, in their official capacities, are **DISMISSED WITH PREJUDICE**;

3. Odom's claims asserted against all of the named defendants pursuant to

(a) 42 U.S.C. § 1985(3);
(b) Title 42 U.S.C. 10841 *et seq*.,"Protection and Advocacy for Mentally Ill Individuals;"
(c) Title 42 U.S.C. § 12101 *et seq*., the ADA; and
(d) Title 29 U.S.C. § 794, the Rehabilitation Act,

are **DISMISSED WITH PREJUDICE**;

4. Odom's 42 U.S.C. § 1983 Eighth Amendment claims asserted against

LSCC Warden Joseph P. Meko and KDOC Commissioner LaDonna Thompson, in their individual capacities, are **DISMISSED WITH PREJUDICE**;

5. Odom's request for injunctive relief is **DENIED** as **MOOT**;

6. The defendants listed as Sergeant "Barker" and Nurse "Faith" must respond to Odom's Eighth Amendment claims asserted against them under § 1983 in their individual capacities;

7. Odom must identify any unknown John and Jane Doe Defendants (as to the members of the CET and the unidentified Second Shift LPN defendant) and have them served within 120 days after the date of this Memorandum Opinion and Order, or his claims against them will be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

8. The Clerk of the Court shall forward by certified mail, return receipt requested, one copy of the complaint [D. E. No. 1] and amended complaint [D. E. No. 10] and this Memorandum Opinion and Order to the Office of General Counsel for the Kentucky Department of Corrections, Frankfort, Kentucky. General Counsel shall have 20 days from the date of entry of this order to complete and file a notice of waiver of service against any or all of the named defendants. If a waiver is not filed within 20 days, the Clerk shall **SUBMIT** the record for consideration;

9. The answer to the complaint shall be filed no later than 60 days after the

notice of waiver of service is filed. However, if service is required as to any defendant, the Court will enter an order directing the United States Marshals Service to effectuate service of process and the answer(s) must be filed no later than 20 days after service of process;

10. Odom shall keep the Clerk of the Court informed of his current mailing address. **Failure to notify the Clerk of any address change may result in a dismissal of this case**; and

11. For every further pleading or other document Odom submits for consideration, he shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. Odom shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date on which he mailed a true and correct copy of his document to each defendant or their counsel. **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but does not include the certificate of service of copies, it will disregard the document.**

This July 9, 2013.

Signed By:
Henry R. Wilhoit, Jr.
United States District Judge