UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 0:12-109-HRW

GLENN D. ODOM, II,　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF,

v.　　　　　　**MAGISTRATE JUDGE'S**
　　　　　　　**REPORT AND RECOMMENDATION**

JOSEPH MEKO, et al.,　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

Plaintiff, Glenn D. Odom, pro se, an inmate at the Kentucky State Penitentiary in Eddyville, Kentucky filed a 42 U.S.C. § 1983 civil action against eight Defendants. [R. 13]. Presently before the Court is Plaintiff's Motion for Leave to Appeal *In Forma Pauperis*. [Rs. 81, 82].[1] This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). [R. 32]. For the reasons set forth below, I recommend that the Court certify that Plaintiff's appeal is not taken in good faith and that Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* be DENIED.

BACKGROUND

Plaintiff filed the Complaint on December 26, 2012, along with a motion to proceed *in forma pauperis*. [R. 2]. The Court treated Plaintiff's motion as a request to pay his filing fee in installments pursuant to 28 U.S.C. 1915(b) and granted the motion. [R. 6]. On August 26, 2014, the undersigned issued a Report and Recommendation in the action, recommending that a Motion for Summary Judgment filed by two of the Defendants be granted. [R. 71]. Thereafter, District Court Judge Henry

---

[1] R. 81 is a handwritten Motion for Leave to Appeal In Forma Pauperis. R. 82 is a form entitled "Prisoner Application to Proceed Without Prepayment of Fees and Affidavit."

R. Wilhoit issued an Order adopting the Report and Recommendation. [R. 79]. As a result, two Defendants, against whom no claims remained, were dismissed while six Defendants remained. Plaintiff filed the instant Motion for Leave to Appeal *In Forma Pauperis* on October 27, 2014. [Rs. 81, 82].

ANALYSIS

Pursuant to 28 U.S.C. § 1915(a), a court may authorize an individual to appeal a judgment in a civil action without prepayment of fees if the person submits an affidavit stating that he is unable to pay such fees. However, § 1915 further provides, "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

The good faith standard is an objective one, and an appeal is considered not taken in good faith if the appeal seeks review of frivolous issues. See Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is deemed frivolous when "[none] of the legal points are arguable on the merits," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the factual allegations are "clearly baseless," Denton v. Hernandez, 504 U.S. 29 (1992); see also Murph v. Stumbo, No. 3:05-CV-509-H, 2005 WL 2245466, at *2 (W.D. Ky. Sept. 14, 2005).

In the present case, it is apparent that Plaintiff's appeal is not taken in good faith. To begin with, a court of appeals may only exercise jurisdiction over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders not applicable here, 28 U.S.C. § 1292; Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949).[2] Moreover, a district court's decision dismissing fewer

---

[2] Appealable interlocutory orders relate to injunctions, receivers, and admirality. 28 U.S.C. § 1292. Appealable collateral orders are those that: (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) are effectively unreviewable on appeal from a final judgment. Johnson v. Jones, 515 U.S. 304, 310 (1995).

than all of the defendants in a case where the plaintiff has sued multiple parties is ordinarily not a final, appealable judgment unless the district court expressly certifies it as such pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 54(b); see Lowery v. Fed. Exp. Corp., 426 F.3d 817, 820-21 (6th Cir. 2005) (citing Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980)); Novacor Chems. Inc. v. GAF Corp., 164 F.R.D. 640, 645-46 (E.D. Tenn. 1996).

Here, the Court has not expressly directed the entry of final judgment with respect to the claims against the two Defendants that were dismissed pursuant to the Court's Order adopting the Report and Recommendation. Therefore, the Order is not an appealable final order, and Plaintiff's attempt to file an appeal of the order is frivolous. See Tucker v. Wall, No. 07-406-ML, 2010 WL 2262346 (D.R.I. May 4, 2010) (court found appeal not taken in good faith and denied leave to appeal *in forma pauperis* where plaintiff sought to appeal an order that was not a final, appealable order); Hedgespeth v. Watters, No. 08-cv-410, 2008 WL 3926371, at *2 (W.D. Wis. Aug. 21, 2008) (same); Pennington v. Corr. Med. Servs., No. 5:06-cv-144, 2007 WL 2904005, at *2 (E.D. Ark. Oct. 3, 2007) (same).

RECOMMENDATION

Accordingly, for the reasons stated above, it is RECOMMENDED that Plaintiff's appeal be certified as not taken in good faith and his Motion for Leave to Appeal *In Forma Pauperis* be DENIED.

The parties are directed to 28 § U.S.C. 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Arn, 728 F.2d 813, 815 (6th Cir. 1984).

3

General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

    Signed October 31, 2014.

Signed By:
*Edward B. Atkins*   *EBA*
**United States Magistrate Judge**